**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 96-4209

ALBERT GASS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-95-130-A)

Submitted: July 30, 1996

Decided: August 16, 1996

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Bruce C. Swartz, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Albert Gass, Jr., appeals his conviction for assault on a federal officer, in violation of 18 U.S.C.A. § 111(a)(1) (West Supp. 1996). Gass challenges the sufficiency of the evidence to support the conviction, and we affirm.

Reviewing the evidence in the light most favorable to the Government, as we must,* the following occurred. On July 12, 1995, Gass, a federal inmate, was being held in the United States Marshal's cell block at the federal courthouse in Alexandria, Virginia. He and other inmates were to be witnesses in an ongoing trial. Because there was an order to keep him separate from the other inmates, Gass was in an interview room with no bathroom. As Marshal Jenkins conducted Gass to a bathroom down the hall, he passed the cell holding the other inmates. Gass became agitated and shouted at one of the inmates. Concerned because Gass was very disturbed and because he was afraid the other inmates would become upset, Jenkins returned Gass to the interview room without taking him to the bathroom.

Marshal Jenkins and Marshal Clarkson both testified that Gass remained agitated and irate for the next few hours. Jenkins told Gass that if he calmed down he could be taken to the bathroom. Gass began striking the door to the interview room and screaming. Jenkins feared that Gass would injure himself or damage the door or the screen within the room. Jenkins warned Gass that if he did not stop, Jenkins would spray him with pepper spray. Gass, using profanity, replied that he would beat up the first person that came in the room. He continued to bang on the door.

After another warning, Marshals Jenkins and Clarkson opened the door. Gass immediately charged through the door with his head down and fists flailing, straight toward Marshal Jenkins. Jenkins sprayed the pepper spray, but was unsure whether Gass was affected as the latter struggled with Marshal Clarkson. Jenkins sprayed again; the marshals

_____

*Glasser v. United States, 315 U.S. 60, 80 (1942).

2

subdued Gass and placed him in a cell, where he was given a tub of water and an electric fan to dissipate the effects of the spray.

Under 18 U.S.C. § 111(a)(1), one who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" certain federal officers, including United States Marshals, is subject to conviction. In enacting § 111, Congress sought to give maximum protection to federal officers. United States v. Feola, 420 U.S. 671, 684 (1975). No particular level of force is required to prove the offense--only a willful attempt to inflict injury or a threat to inflict injury coupled with a present ability to do so. United States v. Sommerstedt, 752 F.2d 1494, 1496 (9th Cir.), cert. denied, 474 U.S. 851 (1985). Behavior like Gass's has been held sufficient to sustain a conviction under § 111. United States v. Shedlock, 62 F.3d 214, 220 (8th Cir. 1995) (pounding on a car door and advancing aggressively toward an officer satisfies the force requirement of the statute).

We conclude that the evidence at trial was sufficient to support Gass's conviction under § 111(a)(1). Therefore, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED